[658 NYS2d 668]

In the Matter of Anis A. Siddiqi (Admitted as Anis Ahmad Siddiqi), a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, June 16, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was served with a petition containing five charges of professional misconduct. The Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion to confirm.

The charges are predicated on a common set of factual allegations.

On or about July 8, 1994, while acting in his fiduciary capacity, the respondent was entrusted with a check in the amount of $41,731.06 from the Lincoln Savings Bank, representing a partial payment in the real estate transaction involving his client, Eva Lallave. The respondent was required to hold that amount in escrow until the closing of title.

The respondent deposited the check into his escrow account at the Republic National Bank of New York. Between July 11 and August 23, 1994, inclusive, the respondent drew 26 checks against that account. None of those 26 checks related in any way to the real estate transaction involving Ms. Lallave. Nor were any of those checks drawn with the knowledge or consent of the client. As a result of the respondent's withdrawals, the balance in the respondent's escrow account was depleted to and remained at less than $41,731.06, the amount required to be held in escrow. The real estate transaction involving the respondent's client was not completed. Nor did the respondent discharge his fiduciary obligation to hold the $41,731.06 in escrow.

On or about November 29, 1994, while acting in his capacity as fiduciary, the respondent was entrusted with a check in the amount of $6,000, which represented another partial payment in the real estate transaction involving his client, Eva Lallave. The respondent was required to hold that sum in escrow until the closing of title or until a proper disbursement was required.

The respondent deposited that amount into his escrow account on or about November 29, 1994. On or about March 6, 1995, a check payable to Bienvenido Mercado Nieves, Esq. in the amount of $6,000 cleared the respondent's escrow account. That check represented a partial payment for the real estate transaction involving the respondent's client. The respondent's fiduciary obligation with respect to the $6,000 was discharged on March 6, 1995. Between November 29, 1994 and March 6,

1995, the respondent drew 22 other checks against his escrow account. None of those checks were relevant to the real estate transaction involving Eva Lallave. Nor were they drawn with her knowledge or consent. As a result of the respondent's withdrawals, the balance in his escrow account was depleted below the $6,000 which he was required to be holding in escrow.

On or about April 19, 1995, while acting in his fiduciary capacity, the respondent was entrusted with a check in the amount of $6,500, representing the down payment in a real estate transaction involving Gladwin McClintock. The respondent was required to hold that amount in escrow until the closing or until a proper disbursement was required. The respondent deposited that check into his escrow account on or about April 19, 1995. On or about May 6, 1995, the respondent's check payable to Enid Ford-Oliver cleared the respondent's escrow account. That check represented release of the down payment in the respondent's escrow account.

The respondent's fiduciary obligation was discharged on May 6, 1995. Between April 19 and May 6, 1995, the respondent drew three checks and made one cash withdrawal from his escrow account. None of those charges was relevant to the real estate transaction involving Mr. McClintock. Nor were any of those charges against the respondent's escrow account drawn with Mr. McClintock's knowledge or consent. As a result of the respondent's withdrawals, the balance in the respondent's escrow account was depleted below the amount he was required to be holding in escrow.

On or about May 5, 1995, while acting in his capacity as fiduciary, the respondent was entrusted with a $14,000 check from Joseph Sciarrino, representing partial payment in a real estate transaction involving the respondent's client, Eva Lallave. The respondent was required to hold that amount in escrow until the closing of title or until a proper disbursement relating to that transaction was required. The respondent deposited that check into his escrow account on or about May 5, 1995.

On or about October 30, 1995, a check payable to Joseph Sciarrino, in the amount of $14,000, cleared the respondent's business account at Fleet Bank. That check represented a refund to Mr. Sciarrino of the funds entrusted to the respondent for the real estate transaction involving Ms. Lallave. The respondent's fiduciary obligation to hold the $14,000 in escrow was discharged on October 31, 1995.

Between May 5 and October 31, 1995, the respondent drew 24 checks against his escrow account. None of those checks re-

lated to the real estate transaction involving Ms. Lallave. Nor were those checks drawn with the knowledge or consent of Ms. Lallave. As a result of the respondent's withdrawals, the balance in the respondent's escrow account was depleted below the $14,000 which he was required to be holding.

Between approximately July 1994 and October 1995, the respondent deposited into his escrow account funds which he used for personal or business purposes relating to his practice of law.

The respondent failed to maintain an escrow ledger book or any similar record-keeping device for the aforesaid account into which he deposited clients' funds or other funds held by him as a fiduciary, incident to his practice of law, to show the source of all deposits therein, the name of all persons for whom the respondent drew checks, and the purposes of those checks.

Charge One alleged that the respondent failed to properly safeguard and improperly converted to his own use funds which had been entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Charge Two alleged that the respondent improperly commingled funds entrusted to him as fiduciary to be held in escrow with funds utilized by respondent for personal and business purposes, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Four alleged that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

Charge Five alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's expressed remorse, his previously unblemished record, and that the underlying charges arose during a period when his

wife of 32 years, who had been in charge of the organization of finances of his law office, was terminally ill. In addition to the loss of his wife, the respondent was beset with the serious illness of his son and serious property damage. As a result of his misfortunes, the respondent concedes that he became careless and negligent with respect to his law practice. The respondent asserts that he has since sought help, has closed his office, and now shares an office with other attorneys. The respondent is attempting to make full restitution of the escrow money.

Notwithstanding the evidence offered in mitigation, the respondent is guilty of serious professional misconduct which warrants his disbarment.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and MC-GINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Anis A. Siddiqi, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anis A. Siddiqi is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.